IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY BROOMFIELD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-cv-1628-NJR |
| J.B. PRITZKER, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Henry Broomfield, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His claims in this case were severed from *Broomfield v. Pritzker, et al.*, Case No. 21-cv-1579-SMY. Broomfield was given a deadline to indicate whether he wished to proceed with his claims in this severed case (Doc. 4). He did not respond to the Order. On September 7, 2022, the Court dismissed Broomfield's Complaint and entered judgment for failing to affirmatively notify the Court whether he wanted to proceed with this case (Docs. 7 and 8).

On September 26, 2022, Broomfield filed the pending motion to reopen case (Doc. 10). Broomfield argues that he never received the Court's notice directing him to affirmatively state whether or not he wished to proceed with his case. He argues that he

1

does not always receive his mail at Vandalia and that, had he received the notice, he would have timely filed a response. The original Order directing Broomfield to file a response was initially returned to the Court as unable to be delivered; a second copy was sent to Broomfield on August 8, 2022 (Doc. 6). The issues experienced with the mail lend weight to Broomfield's claims. Because Broomfield did not receive the notice directing him to file a response, the Court **GRANTS** his motion to reopen and **VACATES** the Order (Doc. 7) and Judgment (Doc. 8) in this case.

Turning to Broomfield's claims, he asserts violation of his equal protection rights under the Fourteenth Amendment as it relates to his sentence and eligibility for parole. Specifically, he alleges that Public Acts 100-1182 and 99-69, signed into law by Governor Pritzker have resulted in a violation of his equal protection rights. Inmates sentenced as teens after the Act, will have more parole opportunities. Inmates like Broomfield, who was arrested and charged at the age of 17, will not have the same parole opportunities (Doc. 2, p. 6).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Based on the allegations in the Complaint (Doc. 2), the Court designates the following count:

**Count 1:** Public Acts 100-1182 and 99-69 violates Broomfield's equal protection rights under the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Court finds that, at least at this early stage of the case, Broomfield has stated a viable claim in Count 1. He alleges that the Acts treat youth offenders sentenced prior to the Acts differently than those sentenced after the Acts without a rational basis for treating the two categories of offenders differently. At this stage, that is enough to state a claim. *See Murdock v. Walker*, Case No. 08 C 1142, 2014 WL 916992, at *13 (N.D. Ill. 2014) (an equal protection claim is based on the principle that "under like circumstances and conditions, people must be treated alike, unless there is a rational reason for treating them differently."). Because Broomfield seeks only declaratory and/or injunctive relief, the Court finds that the proper defendant is J.B. Pritzker (in his official capacity only).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Disposition

For the reasons stated above, the dismissal (Doc. 7) and judgment (Doc. 8) in this case are **VACATED**. Count 1 shall proceed against J.B. Pritzker (official capacity only).

The Clerk of Court shall prepare for Defendant J.B. Pritzker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Broomfield, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Broomfield is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing

and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:   December 16, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**