IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY BROOMFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-1628-RJD |
| | ) | |
| J.B. PRITZKER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Move for Default Judgment in Accordance with Federal Rule of Civil Procedure 55(b) (Doc. 23), Defendant's Motion to Set Aside Entry of Default and for an Extension of Time to File a Responsive Pleading (Doc. 25), Plaintiff's Motion to Deny Defendant's Motion and to Proceed with Default Motion (Doc. 30), and Defendant's Second Motion for an Extension of Time to File a Responsive Pleading (Doc. 31).

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging Public Acts 100-1182 and 99-69 violate Plaintiff's equal protection rights under the Fourteenth Amendment.  The named defendant is Governor J.B. Pritzker.

A summons was executed by Pritzker on March 29, 2023, and his answer was due on April 19, 2023 (Doc. 18).   No answer was filed.   A clerk's entry of default against Defendant Pritzker was entered on May 3, 2023 (Doc. 22).   Plaintiff filed his Motion for Default on May 4, 2023, and Defendant Pritzker filed his Motion to Set Aside on May 11, 2023.

In his motion to move for default judgment, Plaintiff cites Defendant Pritzker's failure to file his answer by the April 19, 2023 deadline, and the Clerk's subsequent entry of default.

In his motion to vacate, Pritzker explains that despite being diligent in responding to service, a formal request for representation was not made from his office to the Office of the Attorney General for an appearance in this matter. As such, an Assistant Attorney General was not assigned to this matter until May 10, 2023, after the Clerk had entered a default against Pritzker.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause. The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).

Here, the Court finds that Defendant Pritzker has shown good cause for his default. It appears the delay in filing an answer was due to an inadvertent error regarding a request for representation rather than any intentional action. Defendant also acted quickly in seeking to correct the mistake, with counsel filing a notice of appearance and a motion to vacate the clerk's entry of default just eight days after entry of the same. Finally, Defendant asserts there is a meritorious defense to Plaintiff's claim asserting Plaintiff is not a member of a protected class and there is no intentional or purposeful discrimination. The Court further finds that denying Pritzker's motion to vacate the entry of default would undermine the notion that cases should be decided on the merits.

For these reasons, Plaintiff's Motion to Move for Default Judgment in Accordance with Federal Rule of Civil Procedure 55(b) (Doc. 23) is **DENIED**; Defendant's Motion to Set Aside Entry of Default and for an Extension of Time to File a Responsive Pleading (Doc. 25) is

**GRANTED;** Plaintiff's Motion to Deny Defendant's Motion and to Proceed with Default Motion (Doc. 30) is **DENIED**; and Defendant's Second Motion for an Extension of Time to File a Responsive Pleading (Doc. 31) is **GRANTED**.

The Clerk's entry of default entered on May 3, 2023 is **VACATED**. Defendant Pritzker shall file his answer or otherwise respond to Plaintiff's complaint by **July 10, 2023**.

**IT IS SO ORDERED.**

**DATED: July 6, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**