IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY BROOMFIELD, #K92261, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-1628-RJD |
| J.B. PRITZKER, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 36). For the following reasons, the Motion is **GRANTED**.

**Background**

Plaintiff Henry Broomfield, an inmate in the custody of the Illinois Department of Corrections, filed an action titled *Broomfield v. J.B. Pritzker et al.*, Case No. 3:21-cv-1579-SMY, pursuant to 42 U.S.C. § 1983 asserting unrelated claims of deprivations of his constitutional rights against several defendants. (Doc. 1). Plaintiff contended that Public Acts 100-1182 and 99-69 (the "Acts"), signed into law by Governor Pritzker, resulted in a violation of his equal protection rights as it relates to his sentence and eligibility for parole. (*Id.*). He also alleged that he acquired COVID-19 while at Dixon Correctional Center and asserted claims against the warden and two correctional officers. (*Id.*). Upon preliminary review under 28 U.S.C. § 1915A, the Court found that the asserted claims involved different defendants, separate transactions and occurrences, and arose at different prisons and severed the equal protection claim against Governor J. B. Pritzker

into this case.  (*Id.*).

In this severed case, Plaintiff seeks declaratory and/or injunctive relief against Governor Pritzker, alleging the Acts violate Plaintiff's equal protection rights under the Fourteenth Amendment.  (Doc. 2).  Public Act 100-1182 created a parole review of persons under the age of 21 at the time of the commission of an offense and laid out the specific criteria and procedures applicable to those who were sentenced on or after the act's effective date.  730 ILCS 5/5-4.5-110.  Public Act 99-69 addressed the sentencing of individuals who were under the age of 18 at the time of the commission of an offense and instructed sentencing courts to consider particular mitigating factors when determining an appropriate sentence. 730 ILCS 5/5-4.5-105.  Plaintiff argues that the failure to give retroactive effect to the Acts resulted in youth offenders sentenced prior to the Acts' effective date being treated differently than those sentenced after the effective date without a rational basis for treating the two categories of youth offenders differently.  (Doc. 2).  Plaintiff specifically cites the fact that Governor Pritzker signed the Acts into law as the basis for his claim against Governor Pritzker.  (*Id.*).

Governor Pritzker was served with the Complaint and timely filed a Motion to Dismiss pursuant to Rule 12(b)(6).  (Doc. 36).  First, Governor Pritzker argues that Plaintiff failed to meet the pleading standard required by the Eleventh Amendment and *Ex parte Young*, 209 U.S. 123, 159–60 (1908) in that he did not plead that the Governor was personally responsible for the alleged violation of federal law besides his general responsibility to enforce Illinois law or as a representative of the state.  (*Id.*, pp. 3-5).  Further, Governor Pritzker argues that Plaintiff failed to adequately plead that Defendant is motivated by discriminatory intent.  (*Id.*, pp. 5-6).

Plaintiff filed a response to the motion arguing that he sufficiently stated an equal

protection claim under the Fourteenth Amendment because he was treated differently based on the date on which he committed his criminal offense without any rational justification for this disparate treatment. (Doc. 37). Plaintiff states in his response that he brings this action against Governor Pritzker because he "had the last responsibility to make sure [the Acts were] up to par and that [they were not] going to violate anybody['s] constitutional right"; that the governor was sworn to uphold the Illinois Constitution and that he was responsible to ensure the Acts he signed into law did not violate the Constitution. (*Id.*, pp. 2-3). Plaintiff further attached to his response an affidavit in which he requested that the Court grant him summary judgment in this case.

Governor Pritzker filed a reply restating his arguments that Plaintiff has failed to state a claim for equal protection and further asking that Plaintiff's request for summary judgment be denied as premature or, in the alternative, be stayed until the final resolution of the motion to dismiss. (Doc. 38).

## Discussion

Defendant seeks dismissal of this action under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As a preliminary matter, and before examining the grounds of dismissal raised in the motion to dismiss, the Court needs to address whether Plaintiff properly brought this claim, which is, in essence, an attack on the duration of his sentence, under a Section 1983 suit. In general, "state prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices," must seek relief via a habeas corpus petition, "because they contest the fact or duration of custody." *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997)). "State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must . . . employ [Section] 1983 or another statute authorizing damages or injunctions." *Id*. (citations omitted).

Here, while Plaintiff is bringing his complaint under Section 1983, he seeks "to go to the parole board" pursuant to the new Public Act 99-69. (Doc. 2, p. 7). He challenges the validity of Public Act 99-69, which governs his eligibility for the parole review, and Public Act 100-1182, which governs possible resentencing in consideration of mitigating factors. (*Id*. at pp. 6-7). Thus, his claim attacks the duration of his sentence and, therefore, sounds in habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (holding that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus). Accordingly, the Court **FINDS**

that the complaint is subject to dismissal as being improperly brought under Section 1983.

Even assuming, however, that Plaintiff's claim was properly brought under Section 1983, the Court agrees with the Defendant that the complaint fails to state a Fourteenth Amendment claim of equal protection. The Court first addresses Defendant's argument that Plaintiff did not meet the pleading standard required by the Eleventh Amendment and *Ex parte Young*, 209 U.S. 123 (1908), in that he did not plead that the Governor was personally responsible for the alleged violation of federal law besides his general responsibility to enforce Illinois law or as a representative of the state. (*Id.*). It is well established that under the Eleventh Amendment and the doctrine of sovereign immunity, "an unconsenting state is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). While sovereign immunity extends to state officials sued in their official capacities, the Supreme Court in *Ex parte Young* recognized an exception. *Ex parte Young*, 209 U.S. at 159–60. There, the Supreme Court, addressing a request for an injunction to stop a state official from prospectively violating the Constitution, held that the Eleventh Amendment did not bar the claim because the official's actions were exceeding the state's powers and, thus, the official was acting without any authority. *Id.*; *See also Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) ("[The *Ex parte Young* exception] rests on the premise – less delicately called a 'fiction,' – that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.") (citation omitted); *McDonough Assoc., Inc. v. Grunloh*, 722 F.3d 1043, 1050 (7th Cir. 2013).

For the *Ex parte Young* exception to apply, the official sued must have "some connection" with the enforcement of the challenged act, "or else it is merely making him a party as a

representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157, 401 (the defendant must be "specially charged with the duty to enforce the statute"); *see also Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 777 (7th Cir. 1999) (holding that plaintiff challenging the constitutionality of state statutes had failed to state a viable claim against the governor who "had no role to play in the enforcement of the challenged statutes" and did not have "the power to nullify legislation once it ha[d] entered into force"). "Governors do not automatically satisfy the 'some connection' standard simply by sitting atop the executive branch." *Eason v. Pritzker*, 18-CV-2553, 2020 WL 6781794, at *7–8 (N.D. Ill. Nov. 18, 2020) (citation omitted). To satisfy the requirements of the *Ex parte Young* exception, a plaintiff must allege facts showing the governor's specific involvement in the unconstitutional policy or practice. *Eason*, 18-CV-2553, 2020 WL 6781794, at *7–8 (N.D. Ill. Nov. 18, 2020) (citing *H.O.P.E., Inc. v. Eden Mgmt. LLC*, 2017 WL 4339824, at *8–9 (N.D. Ill. 2017) (holding that the governor had "some connection" to enforcement of a program where the "governor's office issued notices" concerning a state program)).

Here, Plaintiff's complaint does not satisfy the *Ex parte Young*'s requirement. The sole basis Plaintiff referenced in the complaint for bringing his claim against Governor Pritzker is that he signed the Acts into law. (Doc. 2, p. 6). Plaintiff's allegations do not provide a meaningful connection between Governor Pritzker's actions and the violation of Plaintiff's equal protection rights by the non-retroactive application of the Acts. Notably, the complaint fails to state what specific involvement the Governor will have in the future enforcement of the Acts.

The Court further agrees with Defendant's contention that Plaintiff has failed to sufficiently plead discriminatory intent, an essential element of an equal protection claim. A plaintiff bringing

a Fourteenth Amendment equal protection claim under Section 1983 must show that the state actor intentionally discriminated against a protected class. *Bond v. Atkinson*, 728 F.3d 690, 693 (7th Cir. 2013). The mere knowledge that members of a protected class would face a disparate impact is insufficient to state a claim. *Id.* (citing *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)). Rather, "the plaintiff must show that the state actors adopted that policy because of, not in spite of or with indifference to, its effect on" the protected class. *Id.* Here, the complaint merely states that youth offenders sentenced prior to 2016 are being treated disparately than those sentenced after 2016. There are no factual allegations in the complaint supporting an inference that the Acts were adopted "because of, not in spite of or with indifference to, [the Acts'] effect on" youth offenders sentenced prior to their effective date. Accordingly, Plaintiff has failed to allege any intentional discrimination and cannot maintain a Fourteenth Amendment claim of equal protection under Section 1983.

## Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss (Doc. 36) is **GRANTED,** and the complaint is **DISMISSED without prejudice** as improperly brought under Section 1983 and as failing to state a viable equal protection claim against Governor Pritzker. The Court **GRANTS** Plaintiff leave to file an amended complaint, in accordance with FED. R. CIV. P. 15(a)(2), to allow him an opportunity to amend the complaint to allege a non-habeas claim. When preparing his amended complaint, Plaintiff should set forth sufficient allegations against each defendant identified in the caption to describe what the defendant did, or failed to do, to violate his constitutional rights. The amended complaint must be filed by February 23, 2024. Plaintiff's request for summary judgment is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: January 25, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**