IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY BROOMFIELD, #K92261,   ) <br> ) <br>     Plaintiff,   ) <br> ) <br> v.   ) <br> ) <br> ) <br> J.B. PRITZKER,   ) <br> ) <br>     Defendant.   ) | Case No.   22-cv-1628-RJD |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Plaintiff's Motion for Counsel/Continuance (Doc. 40), seeking the recruitment of counsel to assist him in the preparation of his amended complaint as well as an extension of time to file the same.  When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  First, the Court notes that Plaintiff is not proceeding in forma pauperis, and he has not demonstrated that he is indigent or unable to obtain counsel on his own.  Further, Plaintiff has not demonstrated any reasonable attempts to recruit counsel on his own.  Turning to the second prong of the test, Plaintiff's filings to date demonstrate an ability to articulate clearly and effectively communicate with the Court.  (Docs. 2,  10, 13, 15, 19, 37 ). Plaintiff avers that he has limited access to internet, law library, and legal resources.   However, those circumstances are not unique to Plaintiff and do not justify the appointment of counsel in

and of themselves, especially at this early stage of litigation. Accordingly, Plaintiff's request for recruitment of counsel is **DENIED**.

The plaintiff further seeks an extension of time to file the amended complaint, indicating the need for additional legal research so as to bring a non habeas claim against the right defendants. The Court **GRANTS** Plaintiff an extension of time up to and including **October 17, 2024**, to file the amended complaint. Further, the Court deems it appropriate to clarify that Plaintiff's asserted claims were dismissed for lying in habeas only to the extent they were targeting the duration of Plaintiff's sentence and "necessarily implied" Plaintiff's immediate or speedier release into the community. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 1247–48, 161 L. Ed. 2d 253 (2005) ("[A] state prisoner's Section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Plaintiff's challenge to Public Act 99-69[1] and his request for resentencing under its more favorable terms would necessarily imply the invalidity of his prior sentence. *See Wilkinson*, 544 U.S. at 125 S. Ct. 1242, 161 L. Ed. 2d 253 (noting that challenges that seek "invalidation, in whole or in part, of the judgment authorizing the prisoner's confinement" sound in habeas regardless of whether the State may seek a new judgment through "a new sentencing proceeding"). Accordingly, it lies in habeas, and Plaintiff may not assert it in an amended complaint under Section 1983. On the other hand, Plaintiff's claim challenging the constitutionality of Public Act

---

[1] Public Act 99-69 addressed the sentencing of individuals who were under the age of 18 at the time of the commission of an offense and instructed sentencing courts to consider particular mitigating factors when determining an appropriate sentence. 730 ILCS 5/5-4.5-105.

100-118[2] does not necessarily imply either the invalidity of his prior sentence or his immediate or speedier release into the community because "parole authorities may, in their discretion, decline to shorten his prison term."  *See Wilkinson,* 544 U.S. at 81–82, 125 S. Ct. 1242, 1247–48, 161 L. Ed. 2d 253.  Accordingly, Plaintiff is not barred from bringing a claim challenging the constitutionality of P.A. 100-1182 under a Section 1983 action.  However, as set forth in the Court's prior Order, Plaintiff will still have to set forth factual allegations showing Governor Pritzker's specific involvement in the enforcement of the Act besides his signing of the Acts into law or simply "sitting atop the executive branch."  *Eason v. Pritzker*, No. 18-CV-2553, 2020 WL 6781794, at *4 (N.D. Ill. Nov. 18, 2020).  Furthermore, Plaintiff will have to set forth specific facts to demonstrate that he would have been eligible for a parole hearing should the Act been given a retroactive effect.

Plaintiff is **REMINDED** that if he fails to file his amended complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  The dismissal will count as a strike under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  Plaintiff should label the form "Amended Complaint," and he should use the case number for this action (22-cv-1628-RJD).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.  An amended

---

[2] Public Act 100-1182 created a parole review of persons under the age of 21 at the time of the commission of an offense and laid out the specific criteria and procedures applicable to those who were sentenced on or after the act's effective date.  730 ILCS 5/5-4.5-115.  Public Act 100-1182 was originally codified under 730 ILCS § 5-4.5-110, which was amended and renumbered as 730 ILCS § 5-4.5-115 by P.A. 101-288,§ 10, eff. Jan. 1, 2020.

complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1(7th Cir. 2004). Therefore, the Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 19, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**