IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HENRY BROOMFIELD,

      Plaintiff,

v.

J.B. PRITZKER, DON HARMON,
MICHAEL CONNELLY, CHRIS NYBO,
and CHAPIN ROSE,

      Defendants.

Case No. 22-cv-1628-NJR

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Henry Broomfield, a former inmate of the Illinois Department of Corrections, filed this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Broomfield's original Complaint was dismissed without prejudice on Defendant Governor J.B. Pritzker's motion to dismiss, and Broomfield was granted leave to file an Amended Complaint (Doc. 39).

This matter is now before the Court on Broomfield's Amended Complaint (Doc. 45). Governor Pritzker filed a motion for leave to file a response to the Amended Complaint (Doc. 46), as well as a response (Doc. 47). The Court grants the motion for leave to file and has considered Governor Pritzker's response (Doc. 47).[1]

---

[1] This matter was originally assigned to the undersigned but transferred to Magistrate Judge Reona J. Daly on the basis of the parties' consents (*See* Docs. 5, 27). Because Broomfield's Amended Complaint includes individuals who have not submitted a consent to proceed before the magistrate judge or were parties to the Court's Memorandum of Understanding between the

BACKGROUND

Broomfield originally filed an action asserting various unrelated claims of deprivations of his constitutional rights against several defendants in *Broomfield v. Pritzker, et al.*, Case No. 21-cv-01579-SMY (Doc. 1). As part of that Complaint, Broomfield contended, among other things, that Public Acts 100-1182 and 99-69 (the "Acts"), signed into law by Governor J.B. Pritzker, resulted in a violation of his equal protection rights as they relate to his sentence and eligibility for parole (*Id.* at p. 2).[2] Broomfield sought declaratory and injunctive relief against Governor Pritzker, alleging the Acts violated his equal protection rights under the Fourteenth Amendment (Doc. 2).

Public Act 100-1182 established a parole review process for individuals under the age of 21 at the time of committing an offense, outlining specific criteria and procedures applicable to those sentenced on or after the Act's effective date. 730 ILCS 5/5-4.5-115. Public Act 99-69 addressed the sentencing of individuals who were under the age of 18 at the time of the commission of an offense and instructed sentencing courts to consider particular mitigating factors when determining an appropriate sentence. 730 ILCS 5/5-4.5-105. Broomfield argued that the failure to give retroactive effect to the Acts resulted in youth offenders sentenced before the Acts' effective date being treated differently from

_____

Court and the Illinois Department of Corrections, the matter has been transferred back to the undersigned.

[2] Broomfield also alleged that he acquired COVID-19 while at Dixon Correctional Center and asserted claims against the warden and two correctional officers. (*Id.*). Upon preliminary review of the complaint under 28 U.S.C. § 1915A, the equal protection claim against Governor J. B. Pritzker was severed into this case because it involved different defendants, separate transactions and occurrences, and arose at different prisons (Doc. 1, p. 2).

those sentenced after the effective date, without a rational basis for treating the two categories of youth offenders differently (Doc. 2).

Governor Pritzker moved to dismiss the Complaint. Magistrate Judge Reona J. Daly granted the motion in January 2024 and dismissed the Complaint without prejudice (Doc. 39). Judge Daly explained that Broomfield's claim failed for two reasons. First, by challenging the constitutionality of Public Act 99-69 and requesting resentencing under its more favorable terms, Broomfield improperly asserted a claim raised in habeas through a complaint under Section 1983 (Doc. 39, p. 4; Doc. 41, p. 2). *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Judge Daly also reasoned that the Eleventh Amendment barred Broomfield's equal protection claim because he had failed to state what specific involvement the Governor would have in the future enforcement of the Acts (Doc. 39, pp. 5-6).

Judge Daly granted Broomfield leave to file an amended complaint by February 23, 2024 (Doc. 39, p. 7). On September 19, 2024, Judge Daly granted Broomfield an extension of time to file an amended complaint by October 21, 2024 (Doc. 41). Judge Daly then granted a second extension of time up to December 2, 2024 (Doc. 44). The Order noted that, absent extraordinary circumstances, no further extension of time would be granted (*Id*.).

On December 6, 2024, four days after the deadline, Broomfield filed his Amended Complaint. He failed to provide any justification for the delay (Doc. 45). On December 23, 2024, Governor Pritzker filed a motion for leave to file a response to Broomfield's Amended Complaint along with the proposed response (Docs. 46, 47).

Despite Broomfield's failure to timely file the Amended Complaint, the Court will proceed with its preliminary review under Section 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## THE AMENDED COMPLAINT

In the Amended Complaint, Broomfield attempts to bring claims against Illinois Governor Pritzker, as well as Illinois Senators Don Harmon, Michael Connelly, Chris Nybo, and Chapin Rose, for their alleged failure to give retroactive effect to Public Act 100-1182 (the "Act") (Doc. 45, p. 6). Broomfield alleges that in 2019, Public Act 100-1182 was signed into law and gave parole opportunities for youthful offenders under 21 years of age (*Id.*). Broomfield alleges that Defendants denied him his right to the equal protection of the laws because the Act was not given retroactive effect (*Id.*). He avers that if the Act were given retroactive effect, he would be entitled to a parole hearing in 2019 or 2020, after having served 20 years in prison (*Id.*).

Broomfield specifically alleges that Senator Don Harmon violated his equal protection rights because, during the legislative debate on Public Act 100-1182, he stated: "To the concern over victims, a concern that I shared, victims were at the table. This is prospective only. It will not disturb any victims . . . whose offenders have already been imprisoned." (Doc. 45, p. 6). At the same debate, Senator Michael Connelly allegedly stated that "the bill went too far" and voted against it (*Id.*). Likewise, Senator Chris Nybo noted that people accused him of being soft, and he also voted against the bill (*Id.*). Senator Chapin Rose also opposed the bill, stating that it was a bad policy (*Id.*).

Broomfield further points to a statement during the debate that the Illinois Governor allegedly believed that Illinois had "moved away from individualized evaluation and being tough on crime had cost Illinois fiscally." (Doc. 45, p. 6). Broomfield alleges that Governor Pritzker violated his equal protection rights because he "did not read the bill." (*Id.*). He asserts that the Governor failed to protect his rights, and the legislature, acting on behalf of the Governor, violated his rights by not giving a retroactive effect to Public Act 100-1182. (*Id.*).

Broomfield asserts he would have been a good candidate for the parole board's review because he was incarcerated 25 years ago, at the age of 17, and since then, he has obtained several certificates and is pursuing a bachelor's degree (*Id.*). He seeks monetary damages (*Id.*).

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court designates the following count:

**COUNT 1:** **Fourteenth Amendment equal protection claim against Governor Pritzker and Senators Don Harmon, Michael Connelly, Chris Nybo, and Chapin Rose for failing to give retroactive effect to Public Act 100-1182**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

Broomfield's claims against Senators Don Harmon, Michael Connelly, Chris Nybo, and Chapin Rose are barred by legislative immunity. Under the doctrine of legislative immunity, state legislators are "entitled to absolute immunity for their legislative activities." *Reeder v. Madigan*, 780 F.3d 799, 802 (7th Cir. 2015) (citing *Bogan v. Scott–Harris,* 523 U.S. 44, 53–54 (1998)). Legislative debates fall within the core of the legislative activities protected by legislative immunity. *Id.* (citing *Gravel v. United States,* 408 U.S. 606, 625 (1972)). Here, Broomfield's allegations for unequal treatment are solely based on the Senators' statements during the debate for the enactment of Public Act 100-1182. Accordingly, Broomfield's claim against Senators Don Harmon, Michael Connelly, Chris Nybo, and Chapin Rose is barred by legislative immunity.

Broomfield's claim against Governor Pritzker is likewise barred by sovereign immunity and the Eleventh Amendment. It is well established that a non-consenting state

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

cannot be sued by its own citizens in federal courts. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Sovereign immunity extends to state officials sued in their official capacities. *Ex parte Young*, 209 U.S. 123, 159–60 (1908). However, the *Ex parte Young* exception allows an action against state officials for prospective equitable relief for ongoing violations of federal law. *Id.* The Supreme Court has explained that the Eleventh Amendment does not apply to those claims because an official's actions that exceed the state's powers fall outside the scope of the official's authority. *Id.*; *See also Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) ("[The *Ex parte Young* exception] rests on the premise—less delicately called a 'fiction,'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.") (citation omitted)); *McDonough Assoc., Inc. v. Grunloh*, 722 F.3d 1043, 1050 (7th Cir. 2013).

For the *Ex parte Young* exception to apply, the official sued must have "some connection" with the enforcement of the challenged act, "or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157, 158 (the defendant must be "specially charged with the duty to enforce the statute"); *see also Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 777 (7th Cir. 1999) (holding that plaintiff challenging the constitutionality of state statutes had failed to state a viable claim against the governor who had "no role to play in the enforcement of the challenged statutes" and did not have "the power to nullify legislation once it ha[d] entered into force"). "Governors do not automatically satisfy the 'some connection' standard simply by sitting atop the executive branch." *Eason v. Pritzker*, Case

No. 18-CV-2553, 2020 WL 6781794, at *8 (N.D. Ill. Nov. 18, 2020) (citation omitted). To satisfy the requirements of the *Ex parte Young* exception, a plaintiff must allege facts showing the governor's specific involvement in the unconstitutional policy or practice. *Eason*, 2020 WL 6781794, at *9 (citing *H.O.P.E., Inc. v. Eden Mgmt. LLC*, 2017 WL 4339824, at *8–9 (N.D. Ill. Sept. 29, 2017) (holding that the governor had "some connection" to enforcement of a program where the "governor's office issued notices" concerning a state program)).

Here, Broomfield's equal protection claim against Governor Pritzker fails. First, a plaintiff can only maintain a claim for injunctive relief under the *Ex parte Young* exception. Here, Broomfield appears to seek only monetary damages (Doc. 45, p. 6). Even assuming that Broomfield sought prospective injunctive relief, the sole basis for bringing his claim against Governor Pritzker is that the Governor failed to read the bill before its enactment. (Doc. 45, p. 6). As with Broomfield's original complaint, the Amended Complaint fails to specify the Governor's future involvement in enforcing the Act. Accordingly, Broomfield's claim against Governor Pritzker is barred by the Eleventh Amendment. *See Hearne*, 185 F.3d at 777; *Eason v. Pritzker*, 2020 WL 6781794, at *7–9.

The Court already allowed Broomfield one opportunity to amend the Complaint to assert a viable claim, as well as several extensions of time to file the Amended Complaint, but Broomfield was unable to state a viable claim (Docs. 39, 41, 44). Thus, his case is now dismissed with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (a court may deny leave to amend where an amendment would be futile); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (leave to refile a dismissed original

complaint should be granted "unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted").

### CONCLUSION

Broomfield's Amended Complaint (Doc. 45) is **DISMISSED with prejudice** for his failure to state a claim. The Clerk of Court is directed to enter judgment and to close this case.

If Bromfield wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Broomfield does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to lack merit, Broomfield may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  September 18, 2025**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**